# STATE OF VERMONT
## SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  |  |
|---|---|
| In re Whiteyville Properties, LLC<br>Conditional Use Application | { <br>{    Docket No. 179-12-11 Vtec<br>{  (Appeal from Burlington DRB denial of<br>{    Application No. 12-0470CA/CU)<br>{ |

## Amended Judgment Order[1]

For all the reasons detailed in the Merits Decision that accompanies this Judgment Order, we conclude that the proposal by Applicant Whiteyville Properties, LLC ("Applicant") to increase the occupancy of Dwelling Unit #1 in the main house of its property at 22–26 Summit Street in the City of Burlington conforms to the applicable provisions of the City of Burlington Comprehensive Development Ordinance ("CDO") Article 3 (governing conditional use review and approval) and CDO Articles 4, 5, and 8 (governing residential uses in the RL District, nuisances, and parking), conditioned upon the following:

1. Applicant shall revise its proposed Property Management Plan to include the revisions and corrections noted on the marked draft of the proposed Property Management Agreement (a copy of which is attached to the Merits Decision) and shall review the draft again for accuracy and clarity of references.  Applicant shall then provide finalized copies of the Property Management Plan to the Court, all existing and future tenants of 22–26 Summit Street, and the City of Burlington Office of Code Enforcement.

2. Whenever Applicant makes any revisions to its Property Management Plan, Applicant shall provide copies of the revised Plan to the City of Burlington Office of Code Enforcement and all existing and future tenants of 22–26 Summit Street.

3. Applicant shall provide all tenants with a copy of the current Property Management Plan and require all tenants to acknowledge receipt of the Plan by having the tenant sign an acknowledgment on either their lease agreement or a copy of the Plan.

4. Applicant shall abide by and require its tenants to abide by all terms and conditions of the Property Management Plan.

5. Applicant shall be responsible for identifying an on-site manager who shall be available for all tenants, neighbors, and City officials to contact concerning events or disturbances occurring at 22–26 Summit Street.  Applicant shall confirm that its on-

---

[1] This Amended Judgment Order is issued as a consequence of the Court granting in part and denying in part a motion to amend filed by the City.  See In re Whiteville Prop., LLC, No. 179-12-11 Vtec, slip. op. at 2 (Vt. Super. Ct., Envtl. Div. 02-26-2014 (Durkin, J.).  The only change incorporated from the original Judgment Order, issued on December 19, 2013, is the additional of the last full paragraph on page 2, directing a remand of this matter to the City for issuance of a zoning permit.

site manager has provided his or her contact information to all tenants, abutting neighbors, and City officials.

6. Applicant's use and operation of the Property Management Plan and an on-site manager are material terms of the Court's conditional approval of this application. Applicant's failure to employ a Property Management Plan or on-site Manager will therefore be a violation of the Court's order and conditional use approval.

7. Applicant shall revise its site plan (Exhibit 33) to reflect that no more than twelve parking spaces may be developed and maintained on the property.

This matter is hereby remanded to the City of Burlington Department of Planning and Zoning so that the appropriate official may complete the ministerial act of issuing a zoning permit in conformance with the terms and conditions of this Judgment Order and the unappealed December 6, 2011 Minutes/Findings of Fact of the City of Burlington Development Review Board. In rendering this zoning permit, we direct the Planning and Zoning official to follow the usual practice of including the standard conditions employed in issuing City zoning permits.

This completes the current proceedings before this Court on this application.

Done at Berlin, Vermont this 26th day of February, 2014.

_____
Thomas S. Durkin, Environmental Judge